ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. - Atlanta

MAY 1 0 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. |
| KRISTEN NOELLE GODUTO, | : | |
| KORY JOSEPH GODUTO, | : | |
| PASQUALE PETER GODUTO, | : | 1 11-CR-230 |
| MARK JAMES O'BRIEN, | : | |
| LORI RENE ANDERSON, | : | |
| GEORGIA ANN HULSEY, | : | |
| PHILLIP DAVID HOBBS, | : | |
| LEVI YOUNG STIGALL, | : | |
| DAVID LEE TANNER, | : | |
| RYAN PATRICK TRENTO, and | : | |
| JUSTIN HOWARD | : | |

THE GRAND JURY CHARGES THAT:

COUNT ONE

Beginning on a date unknown to the Grand Jury, but at least as of August 1, 2009, continuing through on or about May 6, 2011, in the Northern District of Georgia, the defendants,

> KRISTEN NOELLE GODUTO
> KORY JOSEPH GODUTO
> PASQUALE PETER GODUTO
> MARK JAMES O'BRIEN
> LORI RENE ANDERSON
> GEORGIA ANN HULSEY
> PHILLIP DAVID HOBBS
> LEVI YOUNG STIGALL
> DAVID LEE TANNER
> RYAN PATRICK TRENTO, and
> JUSTIN HOWARD

knowingly conspired and agreed with other persons known and unknown to the Grand Jury to violate Title 21, United States Code Section

841(a)(1), that is, to possess with the intent to distribute a controlled substance, namely oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C); all in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

## FORFEITURE PROVISION

1. As a result of committing the offense alleged in Count One of this Indictment, the defendants,

> KRISTEN NOELLE GODUTO
> KORY JOSEPH GODUTO
> PASQUALE PETER GODUTO
> MARK JAMES O'BRIEN
> LORI RENE ANDERSON
> GEORGIA ANN HULSEY
> PHILLIP DAVID HOBBS
> LEVI YOUNG STIGALL
> DAVID LEE TANNER
> RYAN PATRICK TRENTO, and
> JUSTIN HOWARD

shall forfeit to the United States pursuant to 21 U.S.C. § 853 any and all property, real or personal, constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of said violation.

2. If, as a result of any act or omission of a defendant, any property subject to forfeiture:

  (a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property.

A ___true___ BILL

_Ann C. Austin_
FOREPERSON

SALLY QULIIAN YATES
UNITED STATES ATTORNEY

_Elizabeth Hathaway_
ELIZABETH M. HATHAWAY
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 076212

600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA 30303
404/581-6000 (voice)
404/581-6181 (facsimile)